JS 44 (Rev 10/20)
## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Lori Barajas

**DEFENDANTS**

Wesley Enhanced Living and Martin's Run

**(b)** County of Residence of First Listed Plaintiff  Chester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Delaware
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED

**(c)** ~~Attorneys~~ *(Firm Name, Address, and Telephone Number)*
Caren N. Gurmankin, Esq., Console Mattiacci Law,
1525 Locust Street, 9th Fl., Philadelphia, PA 19102

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- [ ] 1  U S Government Plaintiff
- [ ] 2  U S Government Defendant
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U S Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §2000, et seq.,
Brief description of cause:  Plaintiff was discriminated against based on her sex, and retaliated against based on her complaints about discrimination.

**VII. REQUESTED IN COMPLAINT:**

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
in excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:  [X] Yes  [ ] No

**VIII. RELATED CASE(S) IF ANY**  *(See Instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE
03/12/2021

SIGNATURE OF ATTORNEY OF RECORD
*Caren Gurmankin*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG JUDGE _____

**DESIGNATION FORM**

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Paoli, PA 19301 _____

Address of Defendant: _____ 100 Halcyon Drive, Media, PA 19063 _____

Place of Accident, Incident or Transaction: _____ 100 Halcyon Drive, Media, PA 19063 _____

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | | |
|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☑ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☑ |

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 03/12/2021 _____ *Caren Gr...* _____ 205900

*Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

A. *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify): _____*

B. *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify): _____*
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify): _____*

---

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Caren N. Gurmankin _____, counsel of record *or* pro se plaintiff, do hereby certify:

- ☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☒ Relief other than monetary damages is sought.

DATE: 03/12/2021 _____ *Caren Gr...* _____ 205900

*Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| LORI BARAJAS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WESLEY ENHANCED LIVING | : | |
| MARTIN'S RUN | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( X )

| | | |
|---|---|---|
| 03/12/2021 | _signature_ | Plaintiff, Lori Barajas |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-405-2900 | gurmankin@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

_____ :
                                  :
**LORI BARAJAS**                  :
Paoli, PA 19301                   :     CIVIL ACTION NO.
                                  :
                     **Plaintiff,** :
                                  :
          **v.**                  :
                                  :
**WESLEY ENHANCED LIVING**        :
100 Halcyon Drive                 :     JURY TRIAL DEMANDED
Media, PA 19063                   :
                                  :
**and**                           :
                                  :
**MARTIN'S RUN**                  :
100 Halcyon Drive                 :
Media, PA 19063                   :
                                  :
                                  :
                     **Defendants.** :
_____ :

## <u>COMPLAINT</u>

## I.   <u>INTRODUCTION</u>

Plaintiff, Lori Barajas, brings this action against her former employer, Martin's Run and Wesley Enhanced Living ("Defendants"). Defendants terminated Plaintiff's employment in the wake of her complaints that she was being subjected to egregious sexually harassing conduct, without any legitimate non-discriminatory basis to do so. Defendant's discriminatory and retaliatory conduct was in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000, *et seq.* ("Title VII") and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA").

II.    **PARTIES**

1.      Plaintiff, Lori Barajas, is an individual and citizen of the Commonwealth of Pennsylvania.

2.      Plaintiff is female.

3.      Defendant, Wesley Enhanced Living, is a Pennsylvania corporation with a principal place of business at 100 Halcyon Drive, Media, PA 19063.

4.      Defendant, Martin's Run, is a Pennsylvania corporation with a principal place of business at 100 Halcyon Drive, Media, PA 19063.

5.      Defendants are engaged in an industry affecting interstate commerce and regularly do business in the Commonwealth of Pennsylvania.

6.      Plaintiff was paid by Defendant Martin's Run.

7.      At all times material hereto, Defendants employed more than twenty (20) employees.

8.      At all times material hereto, Defendants acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

9.      At all times material hereto, Defendants acted as employers within the meaning of the statutes which form the basis of this matter.

10.     At all times material hereto, Plaintiff was an employee of Defendants within the meaning of the statutes which form the basis of this matter.

III.   **JURISDICTION AND VENUE**

11.     The causes of action which form the basis of this matter arise under Title VII and the PHRA.

12.     The District Court has jurisdiction over Count I (Title VII) pursuant to 42 U.S.C. §2000e-5 and 28 U.S.C. §1331.

13.     The District Court has jurisdiction over Count II (PHRA) pursuant to 28 U.S.C. §1367.

14.     Venue is proper in the District Court under 28 U.S.C. §1391(b).

15.     On or about May 22, 2019, Plaintiff filed a Complaint of Discrimination with the Pennsylvania Human Relations Commission ("PHRC"), complaining of acts of discrimination and retaliation alleged herein.  The Complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC").  Attached hereto, incorporated herein and marked as Exhibit "1" is a true and correct copy of the PHRC Complaint of Discrimination (with personal identifying information redacted).

16.     On or about December 15, 2020, the EEOC issued to Plaintiff a Dismissal and Notice of Rights for her Complaints of Discrimination.  Attached hereto, incorporated herein and marked as Exhibit "2" is a true and correct copy of that notice (with personal identifying information redacted).

17.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

IV.     **FACTUAL ALLEGATIONS**

18.     Plaintiff was hired by Defendants in or around June 2018.

19.     At the time of Plaintiff's termination, she held the position of Sales Manager.

20.     At the time of Plaintiff's termination, she reported directly to Shelley Ballet, Senior Vice President, Marketing and Sales.  Ballet reported to Jeff Petty (male),

President and Chief Executive Officer.

21.     Defendants subjected Plaintiff to sex-based comments and conduct. Evidence of the same includes, but is not limited to, that which is set forth below:

(a)     Peter Casale (male), Sales Manager, who also reported by Ballet, rubbed his body against Plaintiff's;

(b)     Casale touched Plaintiff's backside;

(c)     Casale asked Plaintiff if she orgasmed a lot;

(d)     Casale pressured Plaintiff to have sex with him, telling her, "come on, it's been a long time";

(e)     Casale pressured Plaintiff to have sex with him, telling her, "come on, I know you haven't gotten it in a while";

(f)     Casale told Plaintiff that she had "lips that are probably good at you know what", which Plaintiff understood to mean giving oral sex;

(g)     Casale stared at Plaintiff's breasts;

(h)     Casale told Plaintiff that he liked it when she bent over his desk a certain way;

(i)     Casale told Plaintiff that he was "well-endowed down there", which Plaintiff understood to refer to his penis;

(j)     Casale asked Plaintiff about her sex life, including asking if she was "only sleeping with one guy";

(k)     Casale told Plaintiff that his fiancée did not have sex with him often;

(l)     Casale made comments about Plaintiff's physical appearance;

22.     Plaintiff repeatedly told Casale that his sex-based comments and conduct were inappropriate and unwelcome.

23.     Despite Plaintiff's objections to Casale's sex-based conduct, he did not stop engaging in the same.

24.     In or about August 2018, Ballet asked Plaintiff whether Casale had ever made any comments to her that Plaintiff thought were inappropriate.  Ballet said that she was asking Plaintiff because a female employee had made complaints that Casale made sexual comments to her.

25.     At that time, Plaintiff did not feel comfortable making complaints to Defendants regarding Casale's sex discriminatory conduct.

26.     On or about December 14, 2018, Plaintiff complained to Defendants about Casale, including that he had made sexually inappropriate comments to her.

27.     On or about December 17, 2018, Plaintiff complained, again, to Defendants regarding the sex discriminatory conduct to which she was being subjected.

28.     Specifically, Plaintiff told Sam Achenbach, Human Resources Manager, that Casale had made sex-based comments and engaged in sex-based conduct towards her, and that she had let Casale know that his comments and conduct offensive and unwelcome, but that he had not stopped subjecting her to the same.

29.     Achenbach told Plaintiff that Defendants would "handle it" in connection with her complaints of sexual harassment.

30.     On the day after Plaintiff's complaints to Achenbach about Casale's sexually harassing conduct, Casale came into the office and Plaintiff had to continue to work with him.

31.     Casale was hostile and dismissive towards Plaintiff during the time that they had to work together on or about December 18, 2018.

32.     On or about December 18, 2018, Ballet told Plaintiff that Defendants was investigating her complaints.

33.     On or about December 24, 2018, Ballet told Plaintiff that Defendants had terminated Casale because of Plaintiff's complaints about his conduct.

34.     Ballet also told Plaintiff that it was unfortunate that she had complained about Casale and that he had been terminated based on the same.

35.     Other than Ballet telling Plaintiff that Casale had been terminated, no one from Defendants talked to Plaintiff about her complaints or the investigation into the same.

36.     After Plaintiff complained of sex discriminatory conduct, Defendants retaliated against her based on the same, including that which is set forth below.

37.     After Plaintiff complained of sex discrimination, Ballet micromanaged Plaintiff's job duties and was critical of her performance.

38.     After Plaintiff complained of sex discrimination, her workload increased substantially, as she was handling both her work and Casale's responsibilities.

39.     After Plaintiff complained of sex discrimination, Ballet was unfriendly and dismissive with Plaintiff.

40.     On or about April 26, 2019, in a meeting with Ballet and Achenbach, Defendants terminated Plaintiff's employment, effective immediately.

41.     Plaintiff was told only that she was being terminated because it was not working out and that her termination was for the best.

42.    Achenbach and Ballet waited in Plaintiff's office while she gathered her personal items, and then immediately escorted her out of the building.

43.    Plaintiff's sex was a motivating and/or determinative factor in connection with Defendants' discriminatory treatment of Plaintiff, including subjecting her to a hostile work environment and terminating her employment.

44.    Plaintiff's complaints of discriminatory conduct were motivating and/or determinative factors in connection with Defendants' retaliatory conduct to which Plaintiff was subjected, including subjecting her to a hostile work environment and terminating her employment.

45.    Defendants failed to prevent or address the discriminatory and retaliatory conduct referred to herein and further failed to take corrective and remedial measures to make the workplace free of discriminatory and retaliatory conduct.

46.    The retaliatory actions taken against Plaintiff after she complained of discriminatory conduct would have discouraged a reasonable employee from complaining of discrimination.

47.    As a direct and proximate result of the discriminatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

## COUNT I – TITLE VII

48.    Plaintiff incorporates herein by reference paragraphs 1 through 47 above, as if set forth herein in their entirety.

49.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants have violated Title VII.

50.     Said violations were done with malice and/or reckless indifference, and warrant the imposition of punitive damages.

51.     As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

52.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

53.     No previous application has been made for the relief requested herein.

## COUNT II - PHRA

54.     Plaintiff incorporates herein by reference paragraphs 1 through 53 above, as if set forth herein in their entirety.

55.     Defendants, by the above improper and discriminatory acts, have violated the PHRA.

56.     Said violations were intentional and willful.

57.     As a direct and proximate result of Defendants' violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorney's fees and costs.

58.     Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

59.     No previous application has been made for the relief requested herein.

## **RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a)     declaring the acts and practices complained of herein to be in violation of Title VII;

(b)     declaring the acts and practices complained of herein to be in violation of the PHRA;

(c)     enjoining and permanently restraining the violations alleged herein;

(d)     entering judgment against the Defendants and in favor of the Plaintiff in an amount to be determined;

(e)     awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(f)     awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(g)     awarding punitive damages to Plaintiff under Title VII;

(h)    awarding Plaintiff such other damages as are appropriate under the

Title VII and the PHRA;

(i)    awarding Plaintiff the costs of suit, expert fees and other

disbursements, and reasonable attorneys' fees; and,

(j)    granting such other and further relief as this Court may deem just,

proper, or equitable including other equitable and injunctive relief providing restitution

for past violations and preventing future violations.


                                    **CONSOLE MATTIACCI LAW, LLC**

Dated:  March 12, 2021          BY:    /s/ Caren N. Gurmankin_____
                                       Caren N. Gurmankin, Esq. (205900)
                                       1525 Locust St., 9th Floor
                                       Philadelphia, PA 19102
                                       (215) 545-7676
                                       (215) 565-2853 (fax)

                                       Attorney for Plaintiff,
                                       Lori Barajas

Exhibit "1"

## COMMONWEALTH OF PENNSYLVANIA

### GOVERNOR'S OFFICE

### PENNSYLVANIA HUMAN RELATIONS COMMISSION

|  |  |
|---|---|
| Lori Barajas, | : |
| Complainant | : |
|  | : |
| v. | : PHRC Case No. 201904237 |
|  | : |
| Wesley Enhanced Living, | : EEOC No. 17F202061371 |
| Respondent | : |
|  | : |

## COMPLAINT

### JURISDICTION

1.  Jurisdiction is pursuant to the Pennsylvania Human Relations Act 43 P.S. §§ 951-963.

### PARTIES

2.  The Complainant herein is:

    Lori Barajas

    Paoli, PA 19301

3.  The Respondent herein is:

    Wesley Enhanced Living
    100 Halcyon Drive
    Media, PA 19063

Received

MAY 22 2019

PA Human Relations Commission
Philadelphia Regional Office

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

## COMPLAINT

COMPLAINANT:

LORI BARAJAS

v.

RESPONDENTS:

WESLEY ENHANCED LIVING

and

PETER CASALE, aider and abettor

Docket No. 201904237

1.  The Complainant herein is:

    Name:               Lori Barajas

    Address:            ▮▮▮▮▮▮▮▮▮▮

                        Paoli, PA 19301

2.  The Respondents herein are:

    Names:              Wesley Enhanced Living ("Respondent Entity"); Peter
                        Casale, aider and abettor ("Respondent Casale")

    Address:            100 Halcyon Drive
                        Media, PA 19063

3.  I, Lori Barajas, the Complainant herein, allege that I was subjected to unlawful

discrimination because of my sex (female) and unlawful retaliation because of my complaints of

sex discrimination, as set forth below.

## Discrimination and Retaliation

### A. I specifically allege:

[1]       I was hired by Respondent Entity in or about June 2018.

[2]       I consistently performed my job duties in a highly competent manner, and received positive feedback.

[3]       I last held the position of Sales Manager.

[4]       I last reported to Shelley Ballet (female), Senior Vice President, Marketing and Sales. Ballet (female) reported to Ken Franiak (male), Chief Operating Officer, who reported to Jeff Petty (male), President and Chief Executive Officer.

[5]       Shortly after I began my employment at Respondent Entity, I understood that Respondent Peter Casale (male), Sales Manager, wanted to have a personal relationship with me.

[6]       Respondent Casale routinely made comments to me of a sexual nature.

[7]       I found Respondent Casale's comments and conduct to be offensive, based on my sex, and contributing to the hostile work environment to which I was subjected.

[8]       In or about August 2018, Ballet called me and told me that there had been complaints that Casale was making inappropriate, sexual comments to another employee.

[9]       Ballet appeared to be friends with Respondent Casale.

[10]      Respondent Casale repeatedly made comments to me about sex and orgasms.

[11]      Respondent Casale asked me if I orgasmed a lot.

[12]      Respondent Casale made sexual advances toward me, and I understood that Respondent Casale wanted to have sex with me.

[13]      Respondent Casale told me that his fiancée did not have sex with him often.

[14]      Respondent Casale propositioned me, telling me: "come on, it's been a long time." I understood that Respondent Casale was asking me to have sex with him.

[15]      Respondent Casale told me: "come on, I know you haven't gotten it in a while." I understood that Respondent Casale was asking me to have sex with him.

[16]      Respondent Casale asked me if I was "only sleeping with one guy." I understood that Respondent Casale was asking me about my sex life.

[17]      Respondent Casale told me that he liked when I bent over his desk "that way."

[18]      Respondent Casale told me that he was "well-endowed down there." I understood that Respondent Casale was referring to his genitalia.

[19]      Respondent Casale repeatedly commented on my physical appearance, and told me that my clothes look good on me.

[20]      Respondent Casale told me that I had "lips that are probably good at you know what." I understood Respondent Casale's comment to be of a sexual nature and referring to sexual conduct.

[21]      Respondent Casale repeatedly stared at my breasts.

[22]      Respondent Casale rubbed his body against my body when we were in tight quarters.

[23]      Respondent Casale touched my buttocks.

[24]      When Respondent Casale engaged in comments and conduct of a sexual nature, I objected, told him to stop, and told him it was not appropriate.

[25]      Respondent Casale did not stop his comments and conduct of a sexual nature, despite my objections.

[26]      Respondent Casale trained me, and we were often in one-on-one settings.

[27]      Dinae Logan (female), Admissions, witnessed instances of Respondent Casale's comments and conduct of a sexual nature toward me, and commented on it.

[28]      On December 14, 2018, in a meeting with Alicia Amadio (female), Human Resources Representative, I complained of sex discrimination. I complained of Respondent Casale's sex-based comments and conduct toward me. I was upset, and cried during the meeting.

[29]      On December 17, 2018, in an email to Sam Achenbach (male), Human Resources Manager, I complained of sex discrimination. I complained of Respondent Casale's sex-based comments and conduct toward me. I complained: "Soon after I was hired in June 2018, [Respondent Casale] made several inappropriate comments of a sexual nature." I complained that I had "inform[ed] [Respondent Casale] on my own that his comments were unprofessional and unwelcome." I complained that "I continued to let [Respondent Casale] know that his comments were making me uncomfortable." I complained that "I now fe[lt] that [Respondent Casale]'s behavior and comments toward me w[ould] not change," and that Respondent Casale "ha[d] now created a hostile work environment for me."

[30]      After I complained of sex discrimination, Respondent Entity conducted an investigation into my complaints.

[31]      After I complained of sex discrimination, Respondent Casale was hostile and dismissive toward me.

[32]     During the investigation, Respondent Casale was suspended for approximately six (6) days.

[33]     Respondent Entity failed to inform me of the results of the investigation.

[34]     On or about December 24, 2018, Respondent Casale was terminated.

[35]     On or about December 24, 2018, Ballet told me that Respondent Casale was terminated because of my complaints.

[36]     Ballet stated that it was "unfortunate" that I had complained and Respondent Casale was terminated.

[37]     After I complained of sex discrimination and Respondent Casale was terminated, Ballet treated me differently, and worse, than she treated me before I complained and Respondent Casale was terminated.

[38]     Ballet micromanaged me and criticized my performance, unlike she had done before I complained and Respondent Casale was terminated.

[39]     Ballet was more tense and curt with me, different from her interactions with me before I complained and Respondent Casale was terminated.

[40]     On April 26, 2019, in a meeting with Ballet and Achenbach, Respondent Entity terminated my employment, effective immediately. I was blindsided. Before I had complained of sex discrimination, I had no indication my job was in jeopardy. The stated reasons for my termination were that "it," which I understood to be my employment with Respondent Entity, was "not working," and that my termination was "for the best."

[41]     The stated reasons for my termination are pretext and/or statements made because of my sex and/or my complaints of sex discrimination.

[42]     Respondent Entity terminated my employment because of my sex and/or my complaints of sex discrimination.

[43]     Respondents subjected me to a hostile work environment because of my sex and my complaints of sex discrimination.

[44]     Respondent Entity failed to remedy or prevent the sex discrimination and retaliation at Respondent Entity.

[45]     I had no disciplinary or performance issues throughout my employment.

[46]     I was on target with my sales goals.

[47]     I had no opportunity to remain employed with Respondent Entity.

[48]     Respondents' sex discriminatory and retaliatory conduct and comments have caused me emotional distress.

[49]     Respondent Casale aided and abetted Respondent Entity in subjecting me to sex discrimination and retaliation.

**B.** Based on the aforementioned, I allege that Respondents have discriminated against me because of my sex (female) and retaliated against me because of my complaints of sex discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"); and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO").

4.     The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

    X        **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s):   (a); (d); (e)**

<div style="margin-left:2em">

_____    Section 5.1 Subsection(s) _____

_____    Section 5.2 Subsection(s) _____

_____    Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961,

P.L. 766, as amended) Section 4 Subsection(s) _____

</div>

5.    Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

     X      **This charge will be referred to the EEOC for the purpose of dual filing.**

6.    The Complainant seeks that Respondent be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory practice(s) and procedure(s).

(c) Remedy the discriminatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

5-21-19
(Date Signed)

(Signature)    Lori Barajas

Paoli, PA 19301

Exhibit "2"

EEOC Form 161-B (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

_____

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: **Lori Barajas** | From: | **Philadelphia District Office** |
|---|---|---|
| ▮▮▮▮▮▮▮ | | **801 Market Street** |
| **Paoli, PA 19301** | | **Suite 1000** |
| | | **Philadelphia, PA 19107** |

| ☐ | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | **Kurt Jung** | |
| **17F-2020-61371** | **State, Local & Tribal Program Manager** | **(267) 589-9749** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge.  It has been issued at your request.  Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

| **X** | More than 180 days have passed since the filing of this charge. |
|---|---|
| ☐ | Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge. |
| **X** | The EEOC is terminating its processing of this charge. |
| ☐ | The EEOC will continue to process this charge. |

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, **the paragraph marked below applies to your case:**

| ☐ | The EEOC is closing your case.  Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice.  Otherwise, your right to sue based on the above-numbered charge will be lost. |
|---|---|
| ☐ | The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time. |

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Jamie R. Williamson*                                    **12/15/2020**

Enclosures(s)                    **Jamie R. Williamson**                    *(Date Issued)*
                                 **District Director**

cc:        **WESLEY ENHANCED LIVING**

**Caren Gurmankin, Esq.**                    **Michele L. Weckerly, Esq.**
**Console Mattiacci Law**                    **Salmon, Ricchezza, Singer & Turchi, LLP**
**1525 Locust Street, 9th Floor**            **1601 Market Street, Suite 2500**
**Philadelphia, PA 19102**                   **Philadelphia, PA 19103**
gurmankin@consolelaw.com                     mweckerly@srstlaw.com
buccieri@consolelaw.com